UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X **ORDER**
IN THE MATTER OF THE COMPLAINT
 - Of - 2:21-cv-1961 (DRH) (ARL)

FRANCESCO DISTEFANO, as Owner of a
2016, 39-Foot Recreational Vessel, for
Exoneration from or Limitation of Liability,

                           Petitioner.
-------------------------------------------------------------X

**HURLEY, Senior District Judge:**

      Presently before the Court are the motions to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by Claimants William Blanchard as administrator of the estate of Kelley Blanchard, deceased, [DE 35]; Megan Blanchard, [DE 36]; Nicholas Soullas, [DE 37]; and the Town of Southold, [DE 38].

      Petitioner Francesco DiStefano commenced this action for exoneration from or limitation of liability on April 12, 2021. *See* [DE 1] (the "LoLA Petition"). On June 23, 2021, the Second Circuit issued a binding decision in *Bensch v. Estate of Umar*, holding that "such maritime complaints"—those seeking exoneration from or limitation of liability—"must contain sufficient factual matter to satisfy the 'plausibility' standard applicable to pleadings under [Rule] 8(a), as interpreted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." 2 F.4th 70, 73 (2d Cir. 2021). Claimants argue the LoLA Petition does not meet the plausibility standard. *E.g.*, Town of Southold Mem. at 3–6 [DE 38-2].

Petitioner contends "there is no need to file an amended petition because issue has already been joined," *i.e.*, Claimants "have already answered" the LoLA Petition. Consolidated Mem. in Opp. at 3 [DE 38-17]. He further argues the LoLA Petition is exempt from *Bensch*'s holding because the decision "was issued *after* [his LoLA] Petition was filed." *Id.* at 2 (emphasis in original). Neither of these reasons spare his LoLa Petition from *Twombly* and *Iqbal* as applicable through *Bensch*.

Consider *Hayden v. Paterson*, which involved a motion for judgment on the pleadings pursuant to Rule 12(c) – *i.e.*, a motion brought after defendants answered a complaint but nevertheless analyzed under "an identical legal standard" to a Rule 12(b)(6) motion. 594 F.3d 150, 154, 160–61 (2d Cir. 2010); *see Yongfu Yang v. An Ju Home, Inc.*, 2020 WL 3510683, at *2 (S.D.N.Y. June 29, 2020) ("[A]ny distinction between [Rule 12(b)(6) and Rule 12(c) motions] is merely semantic because the same standard applies to motions made under either subsection."). During briefing on appeal to the Second Circuit, the Supreme Court decided *Iqbal*. *Hayden*, 594 F.3d at 160–61. The Circuit nevertheless applied *Iqbal*'s plausibility standard and held the complaint "fail[ed] to state a claim that [was] plausible on its face." *Id.*

The Court agrees with the Claimants and, similar to the *Bensch* Court, has "little difficulty" in concluding the LOLA Petition is insufficient to state a claim. *Bensch*, 2 F.4th at 79. The LoLA Petition is drafted to comply with the now-obsolete "notice pleading standard." *Id.* at 76–79 (discussing *Conley v. Gibson*, 355 U.S. 41 (1957)). It pleads no facts to render plausible Petitioner's claim that "a collision" occurred solely due to the negligence of unnamed "third-parties for whom [P]etitioner

Page **2** of **3**

is not responsible" and without negligence on his part. LOLA Petition ¶¶ 6, 10–11. Petitioner likewise contends the events happened without his "privity or knowledge" but alleges no facts in support. *Id.* ¶ 12. Simply, he provides only legal conclusions, to which the Court affords no weight under *Twombly* and *Iqbal*. *See Bensch* 2 F.4th at 79–80.

Accordingly, Claimants' motions are granted; the Court cannot say Petitioner's allegations are plausible in the absence of pleaded facts.

Just as the *Bensch* and *Hayden* Courts gave their plaintiffs and petitioner the opportunity to amend in light of this deficiency, so too will the Court here. *See* Consolidated Mem. in Opp. at 3 (discussing *Bensch*). Petitioner shall file an amended pleading within thirty (30) days of this Order.

**SO ORDERED.**

Dated: Central Islip, New York          s/ Denis R. Hurley
       March 11, 2022                 Denis R. Hurley
                                              United States District Judge