UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF FRANCESCO DISTEFANO | **MEMORANDUM AND ORDER**<br>2:21-CV-01961 (OEM) (JMW) |

**ORELIA E. MERCHANT, United States District Judge:**

On April 12, 2021, Petitioner Francesco Distefano ("Petitioner") commenced this action for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501 *et seq.* *See* Amended Complaint, ECF 40 ("Am. Compl."). On August 9, 2022, Claimant Town of Southold ("Southold") filed a fully briefed motion to dismiss Petitioner's complaint. By Order dated March 29, 2023, the Court administratively terminated Southold's motion to dismiss pending the outcome of an impending settlement conference before Magistrate Judge Wicks. On October 27, 2023, Southold moved to restore its August 9, 2022, motion to dismiss, and the Court granted this request. For the reasons that follow, Southold's amended complaint is dismissed.

**BACKGROUND**[1]

Petitioner, the owner of a 2016, 39-foot recreational boat (the "Vessel"), alleges that on November 10, 2019, he was "operating the vessel at a safe speed" on the Peconic River, "utilizing all necessary navigation equipment installed" and "utilizing the vessel's autopilot system to assist with navigation and operation of the vehicle," when the Vessel was involved in an allision when "the autopilot system failed to execute the turn into the James Creek despite that Petitioner properly entered the course to follow prior to the voyage." Am. Compl. at 1. Petitioner alleges that two main factors contributed to this allision: (1) that the autopilot system failed "due to improper

---

[1] The following facts are taken from the amended complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

maintenance or tuning of the system prior to the sale of the vessel to Petitioner," of which he "was not aware;" (2) that Southold has "removed navigational aids at or about the entrance of James Creek," creating "a hazardous condition." *Id* at 2.

As a result of the allision, one passenger aboard the Vessel died and others sustained injuries. *Id* at 3. Petitioner alleges that "[t]he incident resulted in allegations of personal injury, property damage and/or wrongful death" against Petitioner. *Id.* Petitioner contests these claims, alleging that "[a]ny claims for loss, damage, injury and/or wrongful death arising from the incident were not due to any fault, neglect, or want of care on the part of [P]etitioner." *Id*.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Petitioner's complaint must meet the *Iqbal-Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, this Court must "accept[] as true factual allegations made in the complaint, […] drawing all reasonable inferences in favor of the plaintiffs." *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

## DISCUSSION

The Limitation of Liability Act established a cause of action for the owners of vessels to seek exoneration or limitation of their liability for certain claims involving their vessels "arising without the privity or knowledge of the owner" and not involving their own negligence "as a master, officer, or seaman." 46 U.S.C. §§ 30505 and 30512. "The first step in analyzing a petition for limitation of liability is to determine the negligent act or unseaworthy condition that caused the plaintiffs' harm. The ... claimant bears the burden of establishing this element. ... The second step

2

is for the Court to determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness that caused the accident." *Matter of Petition of Fire Island Ferries, Inc.*, 2018 WL 718396, at *3 (E.D.N.Y. Feb. 5, 2018) (cleaned up) (quoting *Holzhauer v. Golden Gate Bridge Highway and Transportation District*, 2016 WL 7242108, at *2-3 (N.D. Cal. Dec. 15, 2016)).

In order to secure exoneration or limitation, Plaintiff must carry the "burden of proving that he lacked privity and knowledge of any condition rendering the vessel unseaworthy and of any operational negligence." *In re Dieber*, 793 F. Supp. 2d 632, 635 (S.D.N.Y. 2011). "Privity and knowledge are deemed to exist where the owner had the means of knowledge or, as otherwise stated, where knowledge would have been obtained from reasonable inspection." *Id*.

In support of its motion to dismiss, Southold argues that Petitioner's amended complaint fails to "in any way suggest a plausible factual scenario wherein Petitioner did not have at least some personal responsibility for the accident." Memorandum of Law in Support of Southold's Motion to Dismiss, ECF 66-1 ("Southold Mem.") at 6.

Specifically, Petitioner has identified two alleged factors involved in the allision: the "improper maintenance of the autopilot and/or the removal or improper maintenance of navigation aids by the Town of Southold." Am. Compl. at 3. But these allegations alone, even viewed in the light most favorable to Petitioner, do not state a claim for relief that is plausible on its face.

As an initial matter, that Plaintiff was involved in an allision rather than a collision raises Plaintiff's burden. "[I]t is hornbook law that when a moving vessel strikes a stationary object an inference of negligence arises and the owner of the vessel then has the burden of rebutting such inference." *In re Complaint of Messina*, 574 F.3d 119, 127 (2d Cir. 2009) (quoting *Tug Ocean*

3

*Prince, Inc. v. United States*, 584 F.2d 1151, 1159 (2d Cir. 1978).  Petitioner therefore carries the burden here of pleading facts that, if accepted as true and with all reasonable inferences in favor of Petitioner, could rebut this inference of negligence, and in this case, Petitioner has failed to do so.

First, Petitioner alleges that the failure of the Vessel's autopilot system was a contributory factor to the allision.  However, the autopilot's failure alone, in the absence of negligence on Petitioner's part or some other intervening factor not pled here, should not have resulted in an allision.  The operators of vessels are obligated to provide vigilant oversight of autopilot systems so as to avoid incidents like this one.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 478 (2008) (describing as "inexplicable" and "reckless" a captain's decision to rely solely on autopilot, without human oversight, to execute a turn).

Second, Petitioner alleges that Southold had failed to maintain adequate navigational aids at the entrance of James Creek, which also contributed to the allision.  But the purported absence of navigational aids does not immunize Petitioner from negligence.  A "prudent mariner must rely not completely upon the position or operation of floating aids to navigation."  *Whitney S.S. Co. v. United States*, 747 F.2d 69, 73 (2d Cir. 1984).  Though faulty or missing navigational aids may give rise to a finding of contributory negligence—*see Reliable Transfer Co., Inc. v. United States*, 497 F.2d 1036 (2 Cir.1974), *reversed on other grounds*, 421 U.S. 397 (1975) (upholding a finding that "the stranding of the tanker was caused 25% [b]y the negligence of the Coast Guard in its failure properly to maintain the breakwater light and 75% [b]y the negligence of the vessel in making a U-turn in a dangerous channel when its captain knew that the breakwater light was not operating.")—the mere absence of navigational aids at the entrance of James Creek does not give

rise to a plausible factual scenario where Petitioner did not in any way contribute to the allision through negligence.

In short, Petitioner does not allege sufficient facts to establish that he could overcome the inference of negligence established by the Vessel's allision while under his control.  The two key relevant allegations made by Petitioner—the malfunctioning of his autopilot system and the absence of navigational aids at the entrance of James Creek—cannot rebut this inference because a nonnegligent operator must not rely solely on a vessel's autopilot or the presence of navigational aids in executing a turn.  Having failed to plead any other potential intervening causes of the allision, or even that he was maintaining a proper lookout at the time of the allision, Petitioner's amended complaint fails to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

## CONCLUSION

Having determined Petitioner's amended complaint fails to state a claim, the Court need not reach Southold's arguments concerning the timeliness of Petitioner's complaint or the validity of the stay on state court proceedings.

For the reasons set forth above, Southold's motion to dismiss is granted and Petitioner's amended complaint is dismissed without prejudice.  Plaintiff is granted leave to file a second amended complaint on or before February 12, 2024.

**SO ORDERED.**

                                                   /s/
                                         **ORELIA E. MERCHANT**
                                         **United States District Judge**

Dated: Brooklyn, New York
       January 16, 2024